UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VIGILANT INSURANCE COMPANY,

                Plaintiffs,           07 Civ. 9566

  -against-

YANG MING LINE; YANG MING            **AMENDED ANSWER OF**
(AMERICA) CORP.; MAHER TERMINALS LLC;  **MAHER TERMINALS, LLC**
POL LOGISTICS, INC. and                       **TO THE COMPLAINT**
DOES 1 through 10, inclusive,

                Defendants.
------------------------------------------------------------X

       Defendant, Maher Terminals, LLC., by its attorneys, Kenny, Stearns & Zonghetti, LLC, as and for its answer to the Complaint, alleges as follows:

### JURISDICTIONAL ALLEGATIONS

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

#### (Damage to Cargo)

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

(Negligence/Willful Misconduct/Unseaworthiness)

14. Defendant Maher Terminals, LLC repeats and realleges each and every foregoing admission, denial and denial of knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 through 13, inclusive, of this Answer to the Complaint and incorporates them as though fully set forth.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

### (Breach of Contract)

17. Defendant Maher Terminals, LLC repeats and realleges each and every foregoing admission, denial and denial of knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 through 16, inclusive, of this Answer to the Complaint and incorporates them as though fully set forth.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

### (Breach of Bailment)

22. Defendant Maher Terminals, LLC repeats and realleges each and every foregoing admission, denial and denial of knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 through 21, inclusive, of this Answer to the Complaint and incorporates them as though fully set forth.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

### (Breach of Warranty)

25. Defendant Maher Terminals, LLC repeats and realleges each and every foregoing admission, denial and denial of knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraphs 1 through 24, inclusive, of this Answer to the Complaint and incorporates them as though fully set forth.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

### AS AND FOR A FIRST SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN COMPLAINT

29. The Court lacks *in personam* jurisdiction over the defendant, Maher Terminals, LLC.

### AS AND FOR A SECOND SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN COMPLAINT

30. The cause of the loss in whole or in part was the negligence of the plaintiff or the plaintiff's agents.

### AS AND FOR A THIRD SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN COMPLAINT

31. Maher Terminals, LLC asserts each and every defense available to it under the subject contract of carriage including, but not limited to, limitation of action, limitation of liability, act of God, and cause of the loss beyond the control of the defendant.

### AS AND FOR A FOURTH SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN COMPLAINT

32. Defendant, Maher Terminals, LLC's liability is limited by Section 106(e) of the Ocean Shipping Reform Act of 1998, Pub.L. No. 105-258, 112 Stat. 1902 (1998) (also found at 46. App. U.S.C.A. § 1707(f)).

## AS AND FOR A FIFTH SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN COMPLAINT

33.  Defendant, Maher Terminals, LLC, took reasonable care of the cargo and the cause of the loss were acts beyond its control.

**WHEREFORE**, Defendant Maher Terminals, LLC demands judgment dismissing the Complaint together with costs and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 31, 2007

                                KENNY, STEARNS & ZONGHETTI, LLC
                                Attorneys for Defendant
                                Maher Terminals, LLC

By: _____
          James M. Kenny (JK 3174)

                                26 Broadway
                                New York, NY 10004
                                Tel: 212-422-6111
                                Fax: 212-422-6544


To:    CAMMARANO, SIRNA & DALEY LLP
        Attorneys for Plaintiff
        555 East Ocean Blvd., Suite 501
        Long Beach, California 90802
        Tel: 562-495-9501
        Fax: 562-495-3674

## CERTIFICATE OF FILING

I HEREBY CERTIFY that, on October 31, 2007, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to each of the following:

CAMMARANO, SIRNA & DALEY LLP
Attorneys for Plaintiff
555 East Ocean Blvd., Suite 501e
Long Beach, California 90802
Tel: 562-495-9501
Fax: 562-495-3674
(212) 344-7042

James M Kenny
KENNY, STEARNS & ZONGHETTI, LLC
Attorneys for Third-Party Defendant
Maher Terminals, LLC
26 Broadway
New York, NY 10004
phone: (212) 422-6111
fax: (212) 422-6544