UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIGILANT INSURANCE COMPANY,

    Plaintiff,

vs.

YANG MING LINE; YANG MING (AMERICA) CORP.; MAHER TERMINALS LLC, POL LOGISTICS and DOES 1 through 10, inclusive,

    Defendants.

CIVIL ACTION NO. 07 Civ. 9566

STIPULATION TO TRANSFER THE WITHIN ACTION TO THE DISTRICT COURT OF NEW JERSEY PURSUANT TO 28 U.S.C. SECTION 1404(a); ORDER THEREON [Proposed]

WHEREAS, this is an action for damage to cargo brought under the Court's Admiralty and Maritime jurisdiction pursuant to 28 U.S.C. Section 1333 and Federal Rules of Civil Procedure Rule 9(h);

WHEREAS, this action involves a shipment of cargo from Hatfield, Pennsylvania to Taipei, Taiwan via Port Elizabeth, New Jersey;

WHEREAS, the within action could have been brought in the New Jersey District Court;

WHEREAS, Defendant MAHER TERMINALS LLC is the only defendant to have appeared in this action, with MAHER objecting to this court's jurisidiction over it;

//
//
//
//
//
//
//

THEREFORE, IT IS HEREBY STIPULATED by Plaintiff VIGILANT INSURANCE COMPANY and appearing defendant MAHER TERMINALS LLC, through their respective counsel, that the within action be transferred to the New Jersey District Court pursuant to 28 U.S.C. Section 1404(a) for the convenience of the parties and witnesses and in the interest of justice.

Dated: January 23, 2008

CAMMARANO & SIRNA, LLP

By: _____
Dennis A. Cammarano
Attorneys for Plaintiff
VIGILANT INSURANCE COMPANY

Dated: January 22, 2008

KENNY, STEARNS & ZONGHETTI, LLC

By: _____
James M. Kenny
Attorneys for Defendant
MAHER TERMINALS, LLC

## [PROPOSED] ORDER

Good cause having been shown, the Court hereby approves the foregoing stipulation of the parties and orders that the within action be transferred to the District Court New Jersey, where the within action might have been brought pursuant to 28 U.S.C. Section 1404(a).

Dated: January___, 2008

_____
United States District Court Judge

2719StipTransfer

*Stipulation to Transfer the Within Action to the District Court of New Jersey; Order Thereon*   2

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, am over the age of 18, and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On January 23, 2008, I served the foregoing document(s) described as **STIPULATION TO TRANSFER THE WITHIN ACTION TO THE DISTRICT COURT OF NEW JERSEY PURSUANT TO 28 U.S.C. SECTION 1404(a); ORDER THEREON [Proposed]** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James M. Kenny, Esq.  
KENNY, STEARNS & ZONGHETTI, LLC  
26 Broadway  
New York, New York 10004  

YANG MING LINE (AMERICA) INC.  
525 Washington Blvd., 25th Floor  
Newport Office Tower  
Jersey City, New Jersey 07310  

YANG MING LINE  
525 Washington Blvd., 25th Floor  
Newport Office Tower  
Jersey City, New Jersey 07310  

POL LOGISTICS, INC.  
c/o Yang Ming Line  
525 Washington Blvd., 25th Floor  
Newport Office Tower  
Jersey City, New Jersey 07310  

☐ **BY PERSONAL DELIVERY**. I delivered such envelope by hand to the offices of the addressee.

☑ **BY MAIL**. I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION**. I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003 and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the machine to print a transmission record of the transmission and the transmission record was properly issued by the transmitting facsimile machine.

☐ **BY FEDERAL EXPRESS**. I caused such envelope to be deposited at the Federal Express box at Long Beach, California for guaranteed one day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence and pleadings for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Long Beach, California in the ordinary course of business for delivery to the addressee(s)

Executed on January 23, 2008, at Long Beach, California

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. _____[signature]_____